IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **RED OAK HOSPITAL, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 4:16-CV-01783** |
| **MACY'S, INC., MACY'S, INC.** | § | |
| **WELFARE BENEFITS PLAN, and** | § | |
| **STEPHEN J. O'BRYAN,** | § | |
| | § | |
| **Defendants.** | § | |

---

**DEFENDANTS' MOTION TO DISMISS
AND BRIEF IN SUPPORT**

---

OF COUNSEL:
ANDREWS KURTH LLP
    and
M. KATHERINE STRAHAN
State Bar No. 24013584
Southern District No. 24259
*kstrahan@andrewskurth.com*
    and
BRIDGET B. VICK
State Bar No. 24069444
Southern District No. 1061856
*bvick@andrewskurth.com*

JOHN B. SHELY
State Bar No. 18215300
*jshely@andrewskurth.com*
ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, Texas 77002
Telephone: (713) 220-4105
Telecopier: (713) 220-4200

**ATTORNEYS FOR DEFENDANTS MACY'S, INC. MACY'S, INC. WELFARE
BENEFITS PLAN, AND STEPHEN J. O'BRYAN**

# TABLE OF CONTENTS

I. Introduction ................................................................................................................. 1

II. Background ................................................................................................................. 3

    A.    Macy's Established And Maintains The Plan And Is The Plan Administrator ................................................................................................... 3

    B.    Cigna Provides Third-Party Claims Administrative Services To The Plan ........................................................................................................... 3

    C.    Cigna Denied Plaintiff's Claim For Medical Benefits Under The Plan's Terms .................................................................................................. 4

    D.    Plaintiff's Allegations Of "Embezzlement" Are Based On Nothing More Than An Illogical Reading Of The Claim Detail Report ................................................................................................................ 6

    E.    Plaintiff Allegedly Appealed But Filed Suit Before Any Response Deadline ..................................................................................... 6

    F.    Plaintiff's Entire Suit Centers Around The Denial Of Plaintiff's Claim .............................................................................................................. 7

III. Summary of Grounds for Dismissal under Rule 12(b) ............................................. 7

IV. Argument And Authorities ........................................................................................ 8

    A.    Plaintiff Lacks Standing To Sue Under 29 U.S.C. § 1132(a)(2), (a)(3) Or (c)(1) ............................................................................................. 8

           1.    Absent a valid assignment, a healthcare provider has no standing to sue under ERISA's civil enforcement provision ....................................................................................... 9

           2.    Plaintiff lacks a valid assignment of any claim for breach of fiduciary duty or statutory penalties under ERISA ....................... 9

    B.    Additionally, All Of Plaintiff's Claims Must Be Dismissed Under Rule 12(b)(6) ............................................................................................... 12

           1.    A complaint that fails to state a claim for relief based on the well-pleaded allegations must be dismissed ............................... 12

2.    Plaintiff has failed to state a claim for benefits under §
      1132(a)(1)(B) ................................................................................. 13

3.    Plaintiff's breach of fiduciary duty claim under §
      1132(a)(2) fails as a matter of law ................................................... 14

4.    Plaintiff's claims for injunctive relief under § 1132(a)(3)
      must be dismissed as duplicative of its ERISA benefits
      claim ................................................................................................. 16

5.    ERISA provides no substantive remedy for any alleged
      failure to provide a "full and fair review" ....................................... 17

6.    Plaintiff fails to state a claim for penalties under §
      1132(c)(1)(B) ................................................................................... 18

C.    Plaintiff's Claims Against O'Bryan Must Be Dismissed Under
      Rule 12(b)(2) And/Or Rule 12(b)(6) For Additional Reasons ................... 18

1.    O'Bryan is not a proper defendant to Plaintiff's Claims ................. 19

2.    Alternatively, this Court lacks personal jurisdiction over
      O'Bryan ............................................................................................ 20

V. Conclusion ....................................................................................................... 23

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alpine View Co. v. Atlas Copco, AB,*
  205 F.3d 208 (5th Cir. 2000) .......................................................................... 21

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ................................................................................. 12, 16

*Barix Clinics of Ohio, Inc. v. Longaberger Family of Cos. Grp. Med. Plan,*
  459 F. Supp. 2d 617 (S.D. Ohio 2005) ......................................................... 11

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ....................................................................................... 16

*Bellaire Gen. Hosp. v. Blue Cross Blue Shield,*
  97 F.3d 822 (5th Cir. 1996) ........................................................................... 21

*Blackburn v. City of Marshall,*
  42 F.3d 925 (5th Cir. 1995) ........................................................................... 12

*Estate of Bratton v. Nat'l Union Fire Ins. Co.,*
  215 F.3d 516 (5th Cir. 2000) ......................................................................... 16

*Campbell v. City of San Antonio,*
  43 F.3d 973 (5th Cir. 1995) ........................................................................... 12

*Collins v. Morgan Stanley Dean Witter,*
  224 F.3d 496 (5th Cir. 2000) ......................................................................... 12

*Connecticut General Life Insurance Co. v. Humble Surgical Hospital, LLC,*
  No. 4:13-CV-3291, 2016 WL 3077405 (S.D. Tex. Jun. 1, 2016) (Hoyt,
  J.) .................................................................................................................... 14

*Crosby v. La. Health Serv. & Indem. Co.,*
  647 F.3d 258 (5th Cir. 2011) ......................................................................... 13

*Ellis v. Liberty Life Assurance Co.,*
  394 F.3d 262 (5th Cir. 2005) ......................................................................... 13

*Encompass Office Solutions, Inc. v. Conn. Gen. Life Ins. Co.,*
  No. 3:11-cv-02487-L, 2012 WL 3030376 (N.D. Tex. July 25, 2012) ........... 11

*Graham v. Met. Life Ins. Co.*,
  No. H-09-3803, 2009 WL 5205354 (S.D. Tex. Dec. 23, 2009) (J. Atlas)...................20

*Hermann Hosp. v. MEBA Med. & Benefits Plan*,
  959 F.2d 569 (5th Cir. 1992) ........................................................................9, 10

*Hishon v. King & Spalding*,
  467 U.S. 69 (1984)...................................................................................12

*Hollingshead v. Aetna Health Inc.*,
  No. 4:13-CV-231, 2014 WL 585397 (S.D. Tex. 2014) (Harmon, J.)..............13, 16, 17

*In re Katrina Canal Breaches Litig.*,
  495 F.3d 191 (5th Cir. 2007) .......................................................................13

*Kisiel v. RAS Sec. Corp.*,
  No. 3:01-CV-294-X, 2001 WL 912425 (N.D. Tex. Aug. 9, 2001) ...........................21

*Koehler v. Aetna Health Inc.*,
  683 F.3d 182 (2012)..................................................................................16

*LaFleur v. Louisiana Health Service and Indemnity Co.*,
  563 F.3d 148 (5th Cir. 2009) .......................................................................17

*LeTourneau Lifelike Orthotics & Prosthetics, Inc. v. Wal-Mart Stores, Inc.*,
  298 F.3d 348 (5th Cir. 2002) .....................................................................8, 9

*LifeCare Mgmt. Servs. LLC v. Ins. Mgmt. Adm'rs Inc.*,
  703 F.3d 835 (5th Cir. 2013) .......................................................................19

*Lovelace v. Software Spectrum Inc.*,
  78 F.3d 1015 (5th Cir. 1996) .......................................................................13

*Mass. Mut. Life Ins. Co. v. Russell*,
  473 U.S. 134 (1985)..................................................................................15

*McDonald v. Provident Indemnity Life Insurance Co.*,
  60 F.3d 234 (5th Cir. 1995) ........................................................................15

*McRae v. Rogosin Converters, Inc.*,
  301 F. Supp. 2d 471 (M.D.N.C. 2004) ...........................................................20

*Musmeci v. Schwegmann Giant Super Mkts., Inc.*,
  332 F.3d 339 (5th Cir. 2003) .......................................................................19

*Peay v. BellSouth Med. Assistance Plan*,
   205 F.3d 1206 (10th Cir. 2000) ................................................................ 20

*Perdue v. Burger King Corp.*,
   No. H-89-3787, 1992 WL 551634 (S.D. Tex. Jun. 25, 1992) ..................................... 15

*Quality Infusion Care, Inc. v. Aetna Life Ins. Co.*,
   No. H-05-2929, 2006 WL 3487248 (S.D. Tex. Dec. 1, 2006) ................................... 11

*Rhorer v. Raytheon Eng'rs & Constructors, Inc.*,
   181 F.3d 634 (5th Cir. 1999) ................................................................ 16

*Rojas v. Cigna Health & Life Ins. Co.*,
   793 F.3d 253 (2d Cir. 2015)................................................................ 6, 11

*Saktides v. Cooper*,
   742 F. Supp. 382 (W.D. Tex. 1990)................................................................ 22

*Saunders v. Liberty Life Assurance Co.*,
   No. 5:14-CV-1181-JHE, 2014 WL 6773252, at *1 (N.D. Ala. Dec. 2,
   2014) ................................................................ 19, 20

*Sleep Lab at W. Houston v. Tex. Children's Hosp.*,
   No. H-15-0151, 2015 WL 3507894 (S.D. Tex. Jun. 2, 2015) ................................... 14, 16

*Stuart v. Spademan*,
   772 F.2d 1185 (5th Cir. 1985) ................................................................ 22

*Tenet Healthcare Ltd. v. Unicare Health Plans of Tex., Inc.*,
   No. H-07-3534, 2008 WL 5101558 (S.D. Tex. Nov. 16, 2008)................................... 11

*Tex. Gen. Hosp., LP v. United Healthcare Servs. Inc.*,
   No. 3:15-CV-02096-M, 2016 WL 3541828 (N.D. Tex. Jun. 28, 2016)..................... 17

*Tex. Life, Accident, Health & Hosp. Serv. Ins. Guar. Ass'n v. Gaylord
Entm't Co.*,
   105 F.3d 210 (5th Cir. 1997) ................................................................ 9

*Tolson v. Avondale Indus., Inc.*,
   141 F.3d 604 (5th Cir. 1998) ................................................................ 16

*Travelers Indem. Co. v. Calvert Fire Ins. Co.*,
   798 F.2d 826 (5th Cir. 1986), *modified on rehearing on unrelated
grounds*, 836 F.2d 850 (5th Cir. 1988) ................................................................ 21

-vi-

*Trs. of the Nat'l Elevator Indus. Pension v. Lutyk*,
   140 F. Supp. 2d 407 (E.D. Pa. 2001) ......................................................... 15

*Varity Corp. v. Howe*,
   516 U.S. 489 (1996) .................................................................................. 16

*Verizon Emp. Benefits Comm. v. Adams*,
   No. 3:05-CV-1793-M, 2006 WL 66711 (N.D. Tex. Jan. 11, 2006) ........................... 20

*Walden v. Fiore*,
   134 S. Ct. 1115 (2014) ............................................................................. 21

*U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*,
   336 F.3d 375 (5th Cir. 2003) ...................................................................... 13

*Wilson v. Belin*,
   20 F.3d 644 (5th Cir. 1994) ................................................................... 21, 22

**Statutes**

18 U.S.C. § 664 ............................................................................... 14, 15

29 U.S.C. §§ 1001–1461 (ERISA) .......................................................... *passim*

**Other Authorities**

29 C.F.R. § 2560.503-1(i)(2)(iii)(A) ......................................................... 7

Federal Rule of Civil Procedure 12(b)(1) ................................................. *passim*

Rule 12(b)(2) ................................................................................ *passim*

Rule 12(b)(6) ................................................................................ *passim*

HOU:3716142.1

Defendants Macy's, Inc., the Macy's, Inc. Welfare Benefits Plan, and Stephen J. O'Bryan move to dismiss Plaintiff Red Oak Hospital, LLC.'s Original Complaint.

## I. INTRODUCTION

Plaintiff's Complaint recites a litany of wild accusations regarding the administration of medical benefits available under the Macy's, Inc. Welfare Benefits Plan (the "Plan"). Cutting through all the hyperbole, however, Plaintiff complains about the denial of its benefits claim for $38,000 in charges for medical services allegedly provided to a beneficiary in the Plan, which is governed by ERISA.[1] Plaintiff asserts various claims under ERISA's civil enforcement provision, 29 U.S.C. § 1132—(i) to recover Plan benefits under § 1132(a)(1)(B), (ii) for injunctive relief for alleged breach of fiduciary duty under § 1132(a)(2) and (a)(3), and (iii) for penalties for the alleged failure to provide Plan information under § 1132(c)(1)(B). All of these claims fail as a matter of law.

First, Plaintiff is a healthcare provider and not a person authorized to sue under ERISA's civil enforcement provision. Although Plaintiff alleges the right to sue as an assignee of the Plan beneficiary's rights under the Plan, the assignment form recited in the Complaint does _not_ assign any rights to pursue any claims for breach of fiduciary duty or civil penalties under ERISA. Plaintiff therefore lacks standing to sue under § 1132(a)(2), (a)(3) or (c)(1)(B), and these claims must be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

Additionally, and alternatively, all of Plaintiff's claims must be dismissed under Rule 12(b)(6). Specifically, the Complaint fails to allege any facts that, if true, would

---

[1]    Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001–1461.

establish that Plaintiff is entitled to any benefits under the terms of the Plan, and Plaintiff's claim under § 1132(a)(1)(B) must be dismissed on that basis. Furthermore, because Plaintiff's alleged harm is based on the denial of Plan benefits, Plaintiff's remedy (if any) is limited to a claim to recover benefits. As such, Plaintiff's claims under § 1132(a)(2) and (a)(3) fail as a matter of law. Finally, the Complaint lacks factual allegations showing that any Defendant failed to provide any information required by statute to support a claim under § 1132(c)(1)(B).

In any event, the claims against Stephen J. O'Bryan ("O'Bryan") must be dismissed for yet additional reasons. O'Bryan is an out-of-state resident who had nothing to do with Plaintiff's medical claim. O'Bryan is an employee of the Plan Administrator (Macy's), but he is not the Plan Administrator or even a Plan fiduciary. Indeed, O'Bryan is not a proper defendant to Plaintiff's ERISA claims and lacks minimum contacts with the State of Texas for this Court to exercise personal jurisdiction. Plaintiff's Complaint against O'Bryan must therefore be dismissed under Rule 12(b)(2) and/or Rule 12(b)(6).

In short, Plaintiff has alleged no harm other than the denial of (allegedly) assigned Plan medical benefits for its $38,000 medical claim. Not only has Plaintiff failed to state a claim for Plan benefits, its additional ERISA claims are frivolous and harassing. Plaintiff is neither a participant nor a beneficiary in the Plan but sues for injunctive relief affecting every participant in the Plan—including the *removal* of Plan fiduciaries—based on nothing more than innuendos and conclusory allegations arising out of the denial of its claim under the express terms of the Plan. The entire Complaint must be dismissed.

HOU:3716142.1

## II. BACKGROUND

### A.    Macy's Established And Maintains The Plan And Is The Plan Administrator

As alleged in the Complaint, Macy's established the Plan to provide welfare benefits, including self-funded medical benefits, for the benefit of eligible employees and their eligible dependents, pursuant to ERISA.  (Complaint, DKT#1, at ¶¶ 14 & 17) The Plan provides benefits for covered medical expenses for the Plan's participants (the employees) and beneficiaries (the dependents) in the Plan, which the Complaint refers to collectively as the "Plan Beneficiaries." (Complaint at ¶ 30) The Complaint also alleges, "During all material times, ***Macys Inc. acted as the Plan Sponsor and Plan Administrator*** for [the Plan]." (Complaint at ¶¶ 15 & 73) (emphasis added)

While the Complaint asserts that Macy's appointed its employee O'Bryan as the Plan's "official Plan Administrator," the Summary Plan Description ("SPD") for the medical benefits at issue, which is central to Plaintiff's claims and also referenced in the Complaint,[2] indicates that only Macy's, Inc. is the Plan Administrator.  (Ex. A-1 at 51)

### B.    Cigna Provides Third-Party Claims Administrative Services To The Plan

Plaintiff further alleges that Cigna is a third-party claims administrator and Defendants delegated to Cigna discretionary authority and control over the claims administration of the Plan, including, *inter alia*, adjudicating claims for medical benefits and determining coverage and reimbursements. (Complaint at ¶ 75) Cigna also provides a network of contracted healthcare providers (i.e., "in-network" providers) to provide

---

[2]    *See, e.g.*, Complaint at ¶ 33 (indicating that the Plan Beneficiary "is entitled to medical benefits ***as determined by the Plan***) (emphasis added) and at ¶¶ 68-70 (describing alleged violations of the Plan).

covered healthcare services under the Plan. Plaintiff does not have a contract with Cigna, however, and is an "out-of-network" provider with respect to benefits under the Plan. (Complaint at ¶ 29)

**C.      Cigna Denied Plaintiff's Claim For Medical Benefits Under The Plan's Terms**

Plaintiff alleges that it treated "Patient X," who is a "Plan Beneficiary." (Complaint at ¶ 33) Plaintiff claims to have obtained an executed legal Assignment of Benefits and Designation of Authorized Representative from Patient X on March 10, 2016, and submitted a claim to Cigna for benefits under the Plan for $38,000 in billed charges based on that assignment. (Complaint at ¶¶ 36-37)

The Complaint contains a confusing description of the processing of Plaintiff's medical claim, but the fundamental facts are clear:

- Around April 30, 2016, Cigna initially issued Check No. 00377676657 to Plaintiff for the amount determined to be payable for covered expenses (for facility fees) under the Plan. This determination was explained in a Provider Explanation of Medical Payment Report, which Plaintiff calls the "***Provider EMP Report***." *See* Complaint at ¶ 43 & Ex. A thereto (DKT#1-1); *see also* illustration on page 15 of the Complaint.

- Shortly thereafter, Cigna stopped payment on Check No. 00377676657 because the Patient/Plan Beneficiary had not been charged for or incurred expenses for the services as reported in the medical claim and the charges were therefore excluded from coverage. This determination was explained to Plaintiff in a Claim Detail Report that Plaintiff refers to as the "***Claim Sheet***" that Plaintiff "generated" on May 6, 2016. *See* Complaint at ¶ 45 & Ex. D thereto (DKT#1-4); *see also* illustration on page 17 of the Complaint.

While the Complaint also suggests that Cigna's Claim Sheet was fraudulent and inconsistent with the Provider EMP Report that Plaintiff received, the Claim Sheet (as quoted in the Complaint) explained that there was a stop payment on the check because:

> CHARGES WHICH YOU [THE MEMBER] ARE NOT OBLIGATED TO PAY OR FOR WHICH YOU ARE NOT BILLED OR FOR WHICH YOU WOULD NOT HAVE BEEN BILLED EXCEPT THAT THEY WERE COVERED UNDER THE PLAN ARE NOT COVERED. CIGNA WILL RECONSIDER THIS CLAIM ONCE WE SEE PROOF OF PAYMENT.[3]

Indeed, the SPD contains the following exclusion:

> [C]harges which you are not obligated to pay or for which you are not billed or for which you would not have been billed except that they were covered under this plan. For example, if Cigna determines that a provider is or has waived, reduced, or forgiven any portion of its charges and/or any portion of copayment, deductible, and/or coinsurance amount(s) you are required to pay for a Covered Service (as shown on the Schedule) without Cigna's express consent, then Cigna in its sole discretion shall have the right to deny the payment of benefits in connection with the Covered Service, or reduce the benefits in proportion to the amount of the copayment, deductible, and/or coinsurance amounts waived, forgiven or reduced, regardless of whether the provider represents that you remain responsible for any amounts that your plan does not cover. In the exercise of that discretion, Cigna shall have the right to require you to provide proof sufficient to Cigna that you have made your required cost share payment(s) prior to the payment of any benefits by Cigna. This exclusion includes, but is not limited to, charges of a Non-Participating [i.e., Out-of-Network] Provider who has agreed to charge you or charged you at an in-network benefits level or some other benefits level not otherwise applicable to the services received.[4]

---

[3]   Complaint at ¶ 45.

[4]   Exhibit A-1 at p. 34.

Plaintiff refers to this exclusion as "Cigna's fee-forgiveness protocol."[5] Regardless, the terms of the SPD above set forth in detail how the exclusion will be applied.

**D.    Plaintiff's Allegations Of "Embezzlement" Are Based On Nothing More Than An Illogical Reading Of The Claim Detail Report**

The Complaint alleges that the Claim Sheet (actually, Cigna's Claim Details Report) reflects that Check No. 377676657 cleared on May 4, 2016. The Complaint then alleges that "[b]ased on the fact that Check Number '00377676657' was cleared on May 4, 2016, but the same Check Number '00377676657' issued to Plaintiff was stopped," Cigna must have "cashed the Check for its own benefit" and pocketed the funds. (Complaint at ¶ 46) This assumption is completely illogical. First, the same Claim Sheet expressly states that there was a stop payment on the check ("Check Status:  Stopped"). Second, Plaintiff had the check—not Cigna—as indicated in Plaintiff's alleged evidence of deposit. (Complaint at Ex. C (DKT#1-3)) How could Cigna have possibly cashed the check? Moreover, nothing in the Claim Sheet indicates that *Cigna* cashed any check.

**E.    Plaintiff Allegedly Appealed But Filed Suit Before Any Response Deadline**

Next, Plaintiff alleges that Defendants had "actual knowledge" of Cigna's "illicit activity" through an appeal letter sent to Defendants dated June 3, 2016. (Complaint at ¶ 46) While Plaintiff complains about a lack of response to this letter, it filed suit on June 21, 2016, within three weeks of the day the appeal letter was allegedly sent, and before

---

[5]    The Plan provides different benefit levels for in-network and out-of-network services. (Ex. A-1, pp. 12-24) As Plaintiff acknowledges, in-network healthcare providers have contracted with the Plan to provide services at set and predictable rates. (Complaint at ¶¶ 25-27) Furthermore, the Plan reimburses a greater percentage of the covered charges for in-network services than for out-of-network services. When Plan members are induced to use out-of-network services free of charge or without paying their portion of covered services, the Plan's incentives for the use of in-network providers is undermined, exposing Plan assets to potentially much costlier out-of-network services of which the member may not even be aware.

6

any response was even due under ERISA.[6]  Thus, not only are the accusations regarding the handling of Plaintiff's claims frivolous, this suit was premature.

**F.     Plaintiff's Entire Suit Centers Around The Denial Of Plaintiff's Claim**

While Plaintiff tries to narrate an implausible story of a web of deceit, ultimately, the harm of which Plaintiff complains is the denial of (allegedly assigned) Plan benefits. Using inflammatory terms like "embezzlement" and asserting claims for breach of fiduciary duty do not change the essence of the suit. All the hyperbole aside, this is a straightforward—but ultimately groundless—ERISA benefits case.

### III. SUMMARY OF GROUNDS FOR DISMISSAL UNDER RULE 12(b)

Defendants are entitled to the dismissal of Plaintiff's Complaint with prejudice on several grounds under Federal Rule of Civil Procedure 12(b) as summarized below:

---

[6]   *See* 29 C.F.R. § 2560.503-1(i)(2)(iii)(A) (ERISA regulations requiring a response to an appeal within 60 days).

HOU:3716142.1

| Claim | Grounds to Dismiss | Defendant |
|---|---|---|
| Count I - benefits under ERISA § 1132(a)(1)(b) | • Failure to show that benefits were wrongfully denied under the terms of the Plan (Rule 12(b)(6)) | All Defendants |
| Count II - breach of fiduciary duty under § 1132(a)(2) | • No standing (Rule 12(b)(1))<br>• No individualized harm (Rule 12(b)(6))<br>• No plausible claim for breach of fiduciary duty (Rule 12(b)(6)) | All Defendants |
| Counts III & IV – breach of fiduciary duty under § 1132(a)(3) | • No standing (Rule 12(b)(1))<br>• Duplicative of benefits claim (Rule 12(b)(6))<br>• No plausible claim for breach of fiduciary duty (Rule 12(b)(6)) | All Defendants |
| Count V - failure to provide full and fair review under § 1133 | • Not a separate cause of action (Rule 12(b)(6)) | All Defendants |
| Count VI – statutory penalties under § 1132(c)(1) | • No standing (Rule 12(b)(1))<br>• Failure to plead an actionable claim for relief (Rule 12(b)(6)) | All Defendants |
| All Claims Asserted | • Improper party (Rule 12(b)(6))<br>• Failure to establish personal jurisdiction (Rule 12(b)(2)) | O'Bryan |

## IV. ARGUMENT AND AUTHORITIES

### A.   Plaintiff Lacks Standing To Sue Under 29 U.S.C. § 1132(a)(2), (a)(3) Or (c)(1)

First, Plaintiff lacks standing to sue for breach of fiduciary duty and statutory penalties under ERISA. Therefore, those claims must be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); *LeTourneau Lifelike Orthotics & Prosthetics, Inc. v. Wal-Mart Stores, Inc.*, 298 F.3d 348, 351-53 (5th Cir. 2002) (finding

HOU:3716142.1

that a healthcare provider lacked standing to sue under ERISA and instructing district court to dismiss the complaint for lack of subject matter jurisdiction at plaintiff's cost).

### 1. Absent a valid assignment, a healthcare provider has no standing to sue under ERISA's civil enforcement provision

The statutory list of persons entitled to bring a private enforcement action under § 1132 is limited to plan participants, beneficiaries, and fiduciaries.[7]  Furthermore, the Fifth Circuit has held that a healthcare provider of a plan participant or beneficiary has no direct claim against the plan, and, absent a valid assignment from the participant or beneficiary, has no derivative standing to sue under § 1132. *LeTourneau,* 298 F.3d at 351; *see also Hermann Hosp. v. MEBA Med. & Benefits Plan*, 959 F.2d 569, 576 (5th Cir. 1992).  While Plaintiff, a healthcare provider, alleges that it has a valid assignment from the Plan Beneficiary to bring this suit, the assignment does ***not*** include ERISA breach of fiduciary duty or civil penalty claims.

### 2. Plaintiff lacks a valid assignment of any claim for breach of fiduciary duty or statutory penalties under ERISA

Indeed, to establish derivative standing through a valid assignment from a plan beneficiary, a healthcare provider must establish that the beneficiary expressly and knowingly assigned the ***particular*** ERISA rights being claimed by the provider. *Tex. Life, Accident, Health & Hosp. Serv. Ins. Guar. Ass'n v. Gaylord Entm't Co.*, 105 F.3d 210,

---

[7]      29 U.S.C. § 1132(a) ("(a) Persons empowered to bring a civil action[:] A civil action may be brought—(1) by a participant or beneficiary . . . (2) by the Secretary, or by a participant, beneficiary or fiduciary . . . (3) by a participant, beneficiary or fiduciary . . ."). A "participant" is "any employee or former employee of an employer, ... who is or may become eligible to receive a benefit of any type from an employee benefit plan." 29 U.S.C. § 1002(7). A "beneficiary" is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." *Id.* at § 1002(8). A person is a "fiduciary" to the extent he or she exercises any discretionary authority, discretionary control or discretionary responsibility in the administration of the plan. *Id.* at § 1002(21)(A).

9

218 (5th Cir. 1997) (stating that assignments of breach of fiduciary duty claims cannot be implied and must be express). In this case, the Plan Beneficiary did not assign any rights to bring breach of fiduciary duty or civil penalty claims under ERISA.

Specifically, the purported assignment quoted in and attached to the Complaint assigns, if anything, only ERISA claims to recover "medical benefits and/or insurance reimbursement" under health or insurance plans or policies:

> Legal Assignment of **_Benefits_** and Designation of Authorized Representative:
>
> In considering the amount of medical expenses to be incurred, I, the undersigned . . . hereby **_assign and convey_** directly to the above named healthcare provider(s), as my designated Authorized Representative(s), **_all medical benefits and/or insurance reimbursement_**, if any, otherwise payable to me for services rendered from such provider(s), regardless of such provider's managed care network participation status. I understand that I am financially responsible for all charges regardless of any applicable insurance or benefit payments. …
>
> I hereby **_convey_** to the above named provider(s), to the full extent permissible under the law and under any applicable employee group health plan(s), insurance policies or liability claim, **_any claim, chose in action, or other right I may have_** to such group health plans, health insurance issuers or tortfeasor insurer(s) under any applicable insurance policies, employee benefits plan(s) or public policies **_with respect to medical expenses incurred as a result of the medical services I received from the above named provider(s), and_** to the full extent permissible under the law **_to claim or lien such medical benefits, settlement, insurance reimbursement and_** any applicable remedies, including, but are not limited to, . . . (5) any administrative and judicial actions by such provider(s) **_to pursue such claim, chose in action or right against any liable party or employee group health plan(s)_**, including, if necessary, bring suit by such provider(s) against any such liable party or employee group health plan in my name with derivative standing but at such provider(s) expenses. Unless revoked, this assignment is valid for all administrative and judicial reviews under PPACA, ERISA, Medicare and applicable federal or state laws. . . .[8]

---

[8]   Complaint at p. 24 & Exhibit E (emphasis added).

This assignment contains **_no_** reference to breach of fiduciary or statutory penalty claims, or even any "other" claims; rather, it includes only those claims for reimbursement for medical expenses to which the Plan Beneficiary may be entitled from any insurance policy or plan. In fact, the assignment is called an "Assignment of *Benefits*." Thus, while Plaintiff may have assigned a right to sue for benefits under § 1132(a)(1)(B), the same cannot be said for Plaintiff's other ERISA claims (to the extent those claims are even assignable[9]). *See, e.g., Encompass Office Solutions, Inc. v. Conn. Gen. Life Ins. Co.*, No. 3:11-cv-02487-L, 2012 WL 3030376, at *6 (N.D. Tex. July 25, 2012) (finding that the provider's assignment only conveyed the right to recover benefits where, *inter alia*, it was called an "Assignment of *Benefits*").

Without a valid assignment, Plaintiff lacks standing to sue for any breach of fiduciary duty or civil penalties under ERISA, and these claims must be dismissed under Rule 12(b)(1). *See id.* (dismissing provider's breach of fiduciary duty claims for lack of standing); *Rojas v. Cigna Health & Life Ins. Co.*, 793 F.3d 253, 258 (2d Cir. 2015) (same); *Barix Clinics of Ohio, Inc. v. Longaberger Family of Cos. Grp. Med. Plan*, 459 F. Supp. 2d 617, 624-25 (S.D. Ohio 2005) (dismissing provider's claim under § 1132(c)(1)(B) for lack of standing).[10]

---

[9]  *See Tenet Healthcare Ltd. v. Unicare Health Plans of Tex., Inc.*, No. H-07-3534, 2008 WL 5101558, at *7 (S.D. Tex. Nov. 16, 2008) (dismissing healthcare provider's penalty claim because ERISA requires that the administrator provide requested information only to "plan participants" or "beneficiaries").

[10]  *See also Quality Infusion Care, Inc. v. Aetna Life Ins. Co.*, No. H-05-2929, 2006 WL 3487248, at *6 (S.D. Tex. Dec. 1, 2006) (holding that an assignment of benefits cannot convert a healthcare provider to the status of a beneficiary that can sue under § 1132(c)(1)(B)).

**B.     Additionally, All Of Plaintiff's Claims Must Be Dismissed Under Rule 12(b)(6)**

    **1.     A complaint that fails to state a claim for relief based on the well-pleaded allegations must be dismissed**

Upon a motion to dismiss a complaint under Rule 12(b)(6), a court accepts as true the plaintiff's well-pleaded allegations and tests the sufficiency of the plaintiff's claims. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).  Indeed, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A defendant is entitled to dismissal when the plaintiff's complaint shows that the plaintiff cannot prove any set of facts that would entitle him or her to relief consistent with the well-pleaded allegations in the pleadings. *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984); *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995).

While courts generally must limit their inquiry to the plaintiff's well-pleaded allegations, documents referenced in a complaint should be considered as part of those allegations for purposes of deciding a motion to dismiss. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) ("We note approvingly . . . that various other circuits have specifically allowed that documents that a defendant attaches to a motion to dismiss are considered part of the pleadings *if they are referred to in the plaintiff's complaint and are central to her claim*.") (emphasis added)(internal

quotations omitted).[11] In this case, considering the allegations in the Complaint, along with the documents attached to and/or referenced in the Complaint—including the SPD for the medical benefits at issue[12]—Plaintiff fails to assert a viable claim for relief.

### 2.   Plaintiff has failed to state a claim for benefits under § 1132(a)(1)(B)

In Count I, Plaintiff seeks to recover ERISA plan benefits for services that it alleges were covered under the terms of the Macy's Plan. The Complaint, however, fails to plead facts that, if true, would show that Cigna abused its discretion in determining that Plaintiff's claim was not covered under the Plan.[13]

Despite a long narrative of the history of the claim, Plaintiff alleges that Cigna ultimately denied its claim because "charges that [the member] [is] not obligated to pay or for which [the member] would not have been billed except that they were covered under the plan are ***not covered***."[14] In fact, the Plan contains the following language:

> ***charges which you are not obligated to pay or for which you are***
> ***not billed or for which you would not have been billed except that they***

---

[11]   *See also In re Katrina Canal Breaches Litig*., 495 F.3d 191, 205 (5th Cir. 2007) (considering insurance contracts because "the contracts were referred to in the complaints, and the contracts are central to the plaintiffs' claims); *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.,* 336 F.3d 375, 379 (5th Cir. 2003) (citing *Lovelace v. Software Spectrum Inc.,* 78 F.3d 1015, 1017–18 (5th Cir. 1996)); *Hollingshead v. Aetna Health Inc.*, No. 4:13-CV-231, 2014 WL 585397, at *4 (S.D. Tex. 2014) (Harmon, J.)

[12]   Ex. A (Affidavit of Stephen M. Braun, Group Vice President, Benefits and Wellbeing for Macy's, verifying the SPD that describes the Open Access Plus Medical Benefits administered by Cigna).

[13]   The Complaint alleges, and indeed, the SPD attached hereto as Ex. A-1 establishes, that Cigna had discretionary authority to "interpret and apply plan terms and to make factual determinations in connection with its review of claims under the plan." Ex. A-1 at 52; Complaint at 63. Where, as here, Cigna has discretionary authority to determine claims for benefits and to construe Plan terms, Cigna's decision on Plaintiff's claim must be reviewed under the abuse-of-discretion standard. *See Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011); *Ellis v. Liberty Life Assurance Co*., 394 F.3d 262, 269-70 (5th Cir. 2005).

[14]   Complaint at ¶ 45 & Ex. D thereto (DKT#1-4) (emphasis added).

*were covered under this plan*. For example, if Cigna determines that a provider is or has waived, reduced, or forgiven any portion of its charges and/or any portion of copayment, deductible, and/or coinsurance amount(s) you are required to pay . . . then *Cigna in its sole discretion shall have the right to deny the payment of benefits in connection with the Covered Service*, . . . In the exercise of that discretion, Cigna shall have the right to require you to provide proof sufficient to Cigna that you have made your required cost share payment(s) prior to the payment of any benefits by Cigna. *This exclusion includes, but is not limited to, charges of a Non-Participating Provider who has agreed to charge you or charged you at an in-network benefits level or some other benefits level not otherwise applicable to the services received*.[15]

Plaintiff has failed to allege any facts that, even if true, would show that Plaintiff's claim was wrongfully denied given this exclusion under the Macy's Plan.[16] For example, there is no allegation that the Plan Beneficiary was charged any portion for the services. Therefore, the Complaint fails to state a claim under § 1132(a)(1)(B). *See, e.g., Sleep Lab at W. Houston v. Tex. Children's Hosp.*, No. H-15-0151, 2015 WL 3507894, at *10 (S.D. Tex. Jun. 2, 2015) (finding that the complaint failed to allege any facts from which the court could reasonably conclude that the claim was *wrongfully* denied).

### 3. Plaintiff's breach of fiduciary duty claim under § 1132(a)(2) fails as a matter of law

In Count II, Plaintiff attempts to assert a "breach of fiduciary claim[] under 29 U.S.C. § 1132(a)(2) [for alleged violations] of 18 U.S.C. § 664, 29 U.S.C. §§ 1104, 1105

---

[15] Exhibit A-1 at p. 34 (emphasis added).

[16] The Complaint cites *Connecticut General Life Insurance Co. v. Humble Surgical Hospital, LLC*, No. 4:13-CV-3291, 2016 WL 3077405 (S.D. Tex. Jun. 1, 2016) (Hoyt, J.), to suggest that Cigna's determination here was not legally correct. *Humble Surgical* is currently on appeal to the Fifth Circuit. But whatever happens in *Humble Surgical* has no bearing on this case. The 2016 Macy's Plan exclusion at issue in this lawsuit (quoted above) contains much greater detail regarding the application of the exclusion than the pre-2015 plans at issue in *Humble Surgical*. *See Humble Surgical Hosp.*, 2016 WL 3077405, at *6 & n.8. None of the exclusion language from "For example" onwards in the Macy's Plan was part of the pre-2015 plans involved in *Humble Surgical*. *See id.*

[and] 1106(b)(1)(d)."[17] Even if Plaintiff had standing to sue for any purported violations, Plaintiff still fails to state a viable claim for relief.  As an initial matter, there is no private right of action for any alleged violations of 18 U.S.C. § 664. *See Trs. of the Nat'l Elevator Indus. Pension v. Lutyk*, 140 F. Supp. 2d 407, 414 (E.D. Pa. 2001).

While § 1132(a)(2) does provide a remedy for a breach of fiduciary duties set forth in 29 U.S.C. § 1109 (which also incorporates §§ 1104-1106), relief under § 1132(a)(2) is intended for harm to **the plan as a whole**. It is not a remedy for individualized harm. *See Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142 (1985); *McDonald v. Provident Indemnity Life Insurance Co.*, 60 F.3d 234, 237-38 (5th Cir. 1995). Here, despite Plaintiff's conclusory allegations of widespread misconduct, the only **specific harm** identified in the Complaint concerns Plaintiff's claim for medical benefits.[18] As such, Plaintiff impermissibly seeks relief under § 1132(a)(2) based on individualized harm and its breach of fiduciary duty claim fails as a matter of law.  *See, e.g., Perdue v. Burger King Corp.*, No. H-89-3787, 1992 WL 551634, at *5 (S.D. Tex. Jun. 25, 1992) (dismissing plaintiff's § 1132(a)(2) claim for individual benefits).

Additionally, or alternatively, Plaintiff fails to articulate any plausible violation of any breach of fiduciary duty under ERISA. The purported basis for Plaintiff's breach of fiduciary duty claims is Cigna's alleged "embezzlement" of Plaintiff's benefits, but, as explained above, such alleged misconduct is not reasonably inferred from the documents

---

[17]    Complaint at ¶¶ 78, 81-85.

[18]    Complaint at pp. 34-35.

referenced by Plaintiff.[19] Indeed, none of the allegations in the Complaint would permit the Court to infer anything "more than the mere possibility of misconduct," if even that, to show a plausible claim for relief. *Hollingshead*, 2014 WL 585397, at \*4. *See also Iqbal*, 556 U.S. at 678 (stating that "naked assertion[s]" devoid of "further factual enhancement" will not suffice to state a plausible claim for relief) (quoting *Twombly*, 550 U.S. at 557)).

### 4. Plaintiff's claims for injunctive relief under § 1132(a)(3) must be dismissed as duplicative of its ERISA benefits claim

Next, in Counts III and IV, Plaintiff seeks to enjoin the Plan and its fiduciaries from applying the Plan terms to deny Plaintiff's claim and to remove alleged fiduciaries based on groundless allegations of breach of fiduciary duty. Those claims fail as well.

While an ERISA plan beneficiary may bring a breach of fiduciary duty claim for individualized equitable relief under § 1132(a)(3), such a claim will lie only when § 1132 does ***not otherwise provide an avenue of relief***. *Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996). Here, all of Plaintiff's allegations—even Plaintiff's wild accusations of embezzlement—concern the denial of benefit payments to Plaintiff. Thus, Plaintiff's avenue of relief is a claim to recover benefits or to enforce its rights under the terms of the Plan pursuant to § 1132(a)(1)(B). *Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 610 (5th Cir. 1998); *Sleep Lab at W. Houston*, 2015 WL 3507894, at \*10.[20] Moreover, Plaintiff's claims under § 1132(a)(3) fail as a matter of law regardless of whether its §

---

[19]   *See* II.D., *supra*.

[20]   *See also Estate of Bratton v. Nat'l Union Fire Ins. Co.*, 215 F.3d 516, 526 (5th Cir. 2000); *Rhorer v. Raytheon Eng'rs & Constructors, Inc.*, 181 F.3d 634, 639 (5th Cir. 1999), *abrogated on other grounds as recognized in Koehler v. Aetna Health Inc.*, 683 F.3d 182, 189 (2012).

1132(a)(1)(B) claim is successful or not. *Hollingshead*, 2014 WL 585397, at *7.

And, regardless, Plaintiff has failed to allege any plausible breaches of fiduciary duty or violations of the Plan terms to entitle Plaintiff to any injunctive relief.  Plaintiff's claims under § 1132(a)(3) must be dismissed on these alternative grounds.

### 5.    ERISA provides no substantive remedy for any alleged failure to provide a "full and fair review"

In Count V, Plaintiff alleges that "Defendants failed and refused to provide a 'full and fair review' to Plaintiff on Patient X's claim . . . and otherwise failed to make necessary disclosures pursuant to 29 U.S.C. § 1133 and the regulations promulgated under ERISA."[21] Even if these allegations were true (and they are ***not***), § 1133 provides no substantive remedy. Rather, any remedy, if any were even appropriate, for these alleged procedural violations, would be a remand to the Plan Administrator for further review. *See LaFleur v. Louisiana Health Service and Indemnity Co.*, 563 F.3d 148, 157 (5th Cir. 2009); *see also Tex. Gen. Hosp., LP v. United Healthcare Servs. Inc.*, No. 3:15-CV-02096-M, 2016 WL 3541828, at *10 (N.D. Tex. Jun. 28, 2016) (stating that § 1133 "does not give rise to a private right of action for compensatory relief").

Moreover, as shown above, Plaintiff has failed to allege facts that would show that it is entitled to Plan benefits, or stated another way, that further review would make any difference to the outcome of its claim under the Plan. Plaintiff therefore cannot rely on § 1133 as an independent claim for relief.

---

[21]    Complaint at ¶ 92.

### 6.     Plaintiff fails to state a claim for penalties under § 1132(c)(1)(B)

In Count VI, Plaintiff alleges that it is entitled to penalties under 29 U.S.C. § 1132(c)(1)(B) for Defendants' alleged failure to provide requested Plan information required under ERISA. Section 1132(c)(1)(b) provides that an administrator may be liable to a *participant or beneficiary* for civil penalties for the failure to provide certain information required to be furnished *to such participant or beneficiary* under Subchapter I of ERISA.  Section 1024(b)(4) of Subchapter I requires an "administrator"[22] to furnish certain plan information to a "*participant or beneficiary*" upon written request.  29 U.S.C. § 1024(b)(4). Significantly, Plaintiff is neither a participant nor beneficiary.

Furthermore, § 1132(c)(1)(B) allows penalties (within the court's discretion) if an administrator fails or refuses to comply with a request for information *within 30 days after such request*. 29 U.S.C. § 1132(c)(1)(B). According to the Complaint, Plaintiff allegedly sent a request for information on June 3, 2016 but filed its Complaint on June 21, 2016, *less than 30 days* after the date the request was allegedly sent (regardless of when it was received).  Therefore, the Complaint fails to state a claim for penalties.

### C.     Plaintiff's Claims Against O'Bryan Must Be Dismissed Under Rule 12(b)(2) And/Or Rule 12(b)(6) For Additional Reasons

In any event, the Complaint against O'Bryan must be dismissed under Rule 12(b)(2) and/or Rule 12(b)(6) for additional reasons. O'Bryan is an improper party to

---

[22]     ERISA defines the term "administrator" as—(i) the person specifically so designated by the terms of the instrument under which the plan is operated; (ii) if an administrator is not so designated, the plan sponsor; or (iii) in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe. 29 U.S.C. § 1002(16)(A). Here, the Plan designated Macy's as the Plan Administrator. Ex. A-1 at 51.

Plaintiff's ERISA claims and otherwise lacks sufficient minimum contacts with the State of Texas for this Court to exercise personal jurisdiction.

### 1.    O'Bryan is not a proper defendant to Plaintiff's Claims

Under Fifth Circuit authority, proper party defendants in an ERISA action include (i) the plan, (ii) *the designated plan administrator*, and/or (iii) the entity or person that controls the administration of the plan. *LifeCare Mgmt. Servs. LLC v. Ins. Mgmt. Adm'rs Inc.*, 703 F.3d 835, 845 (5th Cir. 2013); *Musmeci v. Schwegmann Giant Super Mkts., Inc.*, 332 F.3d 339, 350 (5th Cir. 2003). In *LifeCare*, the Fifth Circuit held that "a party will be exposed to liability only if it exercises 'actual control' over the administration of the plan." *Lifecare*, 703 F.3d at 844 (quoting *Musmeci*, 332 F.3d at 349-50). Indeed, the Fifth Circuit recognized that the "mere exercise of physical control or the performance of mechanical *administrative tasks generally is insufficient*." *Id.* at 845 (holding that an employer was improper party because there was evidence of only ministerial functions).

In this case, Macy's—not O'Bryan—is the Plan Administrator as set forth in the SPD.[23] Furthermore, Plaintiff fails to allege that O'Bryan had any actual control over the Plan. Plaintiff's only allegations about O'Bryan is the conclusory statement that he is the "Plan's official Plan Administrator," which is contrary to the SPD. O'Bryan is therefore not a proper party to Plaintiff's ERISA claims.

In *Saunders v. Liberty Life Assurance Co.*, for example, the plaintiff filed suit against J.C. Penney as the "plan administrator" for the ERISA plan. No. 5:14-CV-1181-JHE, 2014 WL 6773252, at *1 (N.D. Ala. Dec. 2, 2014). J.C. Penney moved to dismiss

---

[23]    Ex. A-1 at p. 51.

the claims against it, attaching the SPD designating the "Benefits Administration Committee" as the plan administrator. *Id.* at *3. Although the complaint "conclusorily" alleged that J.C. Penney was the plan administrator, the court nevertheless dismissed plaintiff's ERISA complaint against J.C. Penney based on (i) the SPD, and (ii) the absence of factual allegations surrounding the administration of the plan indicating J.C. Penney was an actual administrator. *Id.* at *4.[24] The same result is required here regarding the claims against O'Bryan. As an improper party to Plaintiff's ERISA claims, the Complaint against O'Bryan must be dismissed for this additional reason.

### 2. Alternatively, this Court lacks personal jurisdiction over O'Bryan

Without a claim under ERISA, this Court cannot assert personal jurisdiction over O'Bryan. *See Verizon Emp. Benefits Comm. v. Adams*, No. 3:05-CV-1793-M, 2006 WL 66711, at *4 (N.D. Tex. Jan. 11, 2006) (holding that the plaintiff failed to state a claim under ERISA and, as a result, the plaintiff failed to plead facts to support an assertion of personal jurisdiction over the defendant). Even if Plaintiff could maintain a claim under ERISA, exercising jurisdiction over O'Bryan does not comport with notions of fair play and substantial justice.

While ERISA authorizes nationwide service, due process requires a "plaintiff's choice of forum to be fair and reasonable to the defendant." *See Peay v. BellSouth Med.*

---

[24]     *See also McRae v. Rogosin Converters, Inc.*, 301 F. Supp. 2d 471, 475-76 (M.D.N.C. 2004) (dismissing ERISA claims against entities not designated as fiduciaries in the ERISA plan where the complaint provided no factual basis to support a finding that the entity actually exercised any discretionary authority, control or responsibility over the plan); *Graham v. Met. Life Ins. Co.*, No. H-09-3803, 2009 WL 5205354, at *1 (S.D. Tex. Dec. 23, 2009) (J. Atlas) (dismissing ERISA claims against a defendant where it was not the plan, plan administrator or plan sponsor).

*Assistance Plan*, 205 F.3d 1206, 1211 (10th Cir. 2000) (finding "[w]e are convinced that due process requires something more" than minimum contacts with the United States); *but see Bellaire Gen. Hosp. v. Blue Cross Blue Shield*, 97 F.3d 822, 825–26 (5th Cir. 1996) (applying a national contacts test in an ERISA case but expressing reservations about an approach to personal jurisdiction that does not consider due process).

The due process clause of the United States Constitution permits exercise of personal jurisdiction over a non-resident defendant only when "(i) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state;[25] and (ii) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." *Alpine View Co. v. Atlas Copco*, *AB*, 205 F.3d 208, 214 (5th Cir. 2000)(internal quotations omitted).[26]

---

[25] "Minimum contacts" may be established by showing contacts that are specific to the dispute that is the subject of the lawsuit, or by showing that the defendant's contacts with the forum state are "continuous and systematic" and create so "substantial" a connection that the non-resident defendant may be subject to jurisdiction in the forum in a lawsuit unrelated to those contacts. *Id.* at 215-17. The inquiry into whether a forum state may assert specific jurisdiction over a nonresident defendant "focuses on the relationship among the defendant, the forum, and the litigation," and "the relationship must arise out of contacts that the defendant *himself* creates with the forum." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (emphasis in original)(internal quotations omitted).

[26] A court's determination of whether personal jurisdiction can be exercised over a nonresident defendant is a question of law, reviewable *de novo* where the facts are not in dispute. *Wilson v. Belin*, 20 F.3d 644, 647-48 (5th Cir. 1994). When a court considers personal jurisdiction without an evidentiary hearing, a court considers whether the plaintiff has presented facts sufficient to constitute a *prima facie* case that personal jurisdiction exists. *Id.* at 648. To establish a *prima facie* case, a plaintiff must provide *some* factual basis for asserting personal jurisdiction. *Kisiel v. RAS Sec. Corp.*, No. 3:01-CV-294-X, 2001 WL 912425, at *3 (N.D. Tex. Aug. 9, 2001) (finding no *prima facie* evidence where the allegations were conclusory and vague). If a *prima facie* case is shown, a plaintiff still has the burden of establishing personal jurisdiction by a preponderance of the evidence either at a pre-trial evidentiary hearing or at trial. *Travelers Indem. Co. v. Calvert Fire Ins. Co.*, 798 F.2d 826, 831 (5th Cir. 1986), *modified on rehearing on unrelated grounds*, 836 F.2d 850 (5th Cir. 1988). Here, Plaintiff alleges no facts in the Complaint that would support a finding that O'Bryan has minimum contacts with the State of Texas.

21

Asserting jurisdiction over O'Bryan does not comport with notions of fair play and substantial justice. Plaintiff alleges that O'Bryan resides and works in Ohio—not Texas.[27] Actually, O'Bryan resides in Kentucky and works in Ohio,[28] but, at any rate, Plaintiff alleges no facts that O'Bryan in his individual capacity committed any acts in Texas or directed any of his activities toward Texas giving rise to specific jurisdiction over him. Nor does Plaintiff allege any facts showing continuing and systematic contacts of O'Bryan with Texas.[29]  Indeed, there are none.[30]

It would be patently unfair if an employee of a large corporation such as Macy's could be subjected to jurisdiction and required to defend himself in every state in which the corporation is subject to jurisdiction. Such a result would effectively paralyze employees from conducting business on behalf of their employers outside of their own state for fear of having to defend themselves in another state. *See Saktides v. Cooper*, 742 F. Supp. 382, 387 (W.D. Tex. 1990) ("it would offend traditional notions of fair play and substantial justice to force employees who have occasion to do business by telephone or mail with any number of given States, to require that they defend lawsuits in those States

---

[27]   *See* Complaint at ¶ 16.

[28]   Ex. B (Affidavit of Stephen J. O'Bryan) at ¶ 3. Defendants offer this Affidavit only in connection with their request for relief under Rule 12(b)(2)

[29]   In short, there are no alleged facts to support the "substantial connection" required to establish jurisdiction over a non-resident. *Wilson*, 20 F.3d at 650-51 (finding even various brief contacts with Texas were not substantial enough to give rise to an expectation to be sued in Texas). Additionally, Plaintiff may not use any Texas contacts of Macy's to confer jurisdiction over O'Bryan. Under the fiduciary shield doctrine, an individual's connection with the forum state solely as an employee does not by itself create personal jurisdiction over that individual—even though the forum state may have personal jurisdiction over the corporation. *Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir. 1985).

[30]   Ex. B at ¶¶ 3-4 (evidencing lack of contacts with the State of Texas).

HOU:3716142.1

in their individual capacity based on acts performed not for their own benefit, but for the benefit of their employer"). For these reasons, exercising jurisdiction over O'Byran would be improper. All claims against O'Bryan must be dismissed under Rule 12(b)(2).

## V. CONCLUSION

Plaintiff's claims against all Defendants should be dismissed with prejudice on the independent and alternative grounds of (i) lack of subject matter jurisdiction over Plaintiff's breach of fiduciary duty and statutory penalty claims under Rule 12(b)(1), and (ii) failure to state any claim for relief on any pleaded causes of action under Rule 12(b)(6). Regardless, Defendant O'Bryan is not a proper party to any of Plaintiff's ERISA claims, and this Court lacks personal jurisdiction over this Defendant. The claims against Stephen J. O'Bryan therefore must be dismissed under Rule 12(b)(2).

WHEREFORE ALL PREMISES CONSIDERED, Defendants respectfully request that the Court grant the relief requested herein and dismiss all of Plaintiff's claims with prejudice. Defendants pray for such other and further relief to which they may be entitled.

23

OF COUNSEL:                          Respectfully submitted,
ANDREWS KURTH LLP
    and                              By:    s/John B. Shely
M. KATHERINE STRAHAN                      JOHN B. SHELY
State Bar No. 24013584                    State Bar No. 18215300
Southern District No. 24259               Southern District No. 7544
kstrahan@andrewskurth.com                 ANDREWS KURTH LLP
BRIDGET B. VICK                           600 Travis, Suite 4200
State Bar No. 24069444                    Houston, Texas 77002
Southern District No. 1061856             Telephone: (713) 220-4105
bvick@andrewskurth.com                    Telecopier: (713) 220-4285
                                          jshely@andrewskurth.com

**ATTORNEY-IN-CHARGE FOR
DEFENDANTS MACY'S, INC., MACY'S,
INC. WELFARE BENEFITS PLAN, and
STEPHEN J. O'BRYAN**

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2016, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who are known "Filing Users:"

    Mr. Ebad Khan
    14700 Red Oak Drive
    Houston, Texas 77090
    *ekhan@trinity healthcarenetwork.com*

    s/John B. Shely
    John B. Shely

HOU:3716142.1