IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **RED OAK HOSPITAL, LLC,** § | |
| § | |
| **Plaintiff,** § | |
| v. § | |
| § | **CIVIL ACTION NO. 4:16-CV-01783** |
| **MACY'S, INC. and MACY'S, INC.** § | |
| **WELFARE BENEFITS PLAN,** § | |
| § | |
| **Defendants.** § | |

## DEFENDANTS' MOTION TO DISMISS
## PLAINTIFF'S FIRST AMENDED COMPLAINT AND BRIEF IN SUPPORT

Defendants Macy's, Inc. ("Macy's") and the Macy's, Inc. Welfare Benefits Plan (the "Plan") move to dismiss Plaintiff's First Amended Complaint.

### I. INTRODUCTION

Plaintiff's First Amended Complaint asserts a claim for benefits under Section 1132(a)(1)(B) of ERISA.[1] To maintain a plausible claim for benefits under ERISA, Plaintiff must allege facts that, if true, would show benefits are due under the Plan. While Plaintiff complains that its benefits claim for $38,413.92 in charges for medical services allegedly provided to a beneficiary of the Plan was denied, Plaintiff provides *no* factual allegations whatsoever to support a claim that benefits are actually due under the Plan. Therefore, Plaintiff's Amended Complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

---

[1] Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001–1461.

## II. BACKGROUND

### A. Macy's established and maintains the Plan pursuant to ERISA

As alleged in the Amended Complaint,[2] Macy's established the Plan to provide welfare benefits, including self-funded medical benefits, to eligible employees and their eligible dependents, pursuant to ERISA. *See* Dkt No. 18, at ¶ 19. The Plan provides benefits for covered medical expenses for the Plan's participants (the employees) and beneficiaries (the dependents) in the Plan, which the Amended Complaint refers to collectively as the "Plan Beneficiaries." *See id.*

### B. Cigna provides third-party claims administrative services to the Plan

Plaintiff alleges that Cigna is a TPA (third-party administrator), and Defendants delegated to Cigna discretionary authority and control over the claims administration of the Plan, including, *inter alia*, adjudicating claims for medical benefits and determining coverage and reimbursements. *See* Dkt No. 18 at ¶ 22. Cigna also provides a network of contracted healthcare providers (i.e., "in-network" providers) to provide covered healthcare services under the Plan. Plaintiff does not have a contract with Cigna, however, and is an "out-of-network" provider with respect to benefits under the Plan. *See id.* at ¶ 17.

---

[2] As background, Plaintiff's Original Complaint asserted various claims under ERISA, including a claim for benefits under Section 1132(a)(1)(B), claims for injunctive relief for breach of fiduciary duty under Section 1132(a)(2) and (a)(3), and a claim for penalties under Section 1132(c)(1)(B). On August 31, 2016, Defendants moved to dismiss all of the claims in Plaintiff's Original Complaint under Federal Rule of Civil Procedure 12(b). *See* Dkt No. 12. Thereafter, Plaintiff responded to the motion and filed its Amended Complaint removing all claims other than its claim for benefits under Section 1132(a)(1)(B). *See* Dkt Nos. 18 & 19. Defendants stipulated to the filing of Plaintiff's First Amended Complaint reserving their right to answer or otherwise respond to the First Amended Complaint. *See* Minute Entry for Conference before Magistrate Judge Stacy & Dkt No. 24 (extending deadline to answer or otherwise respond to November 15, 2016).

-3-

**C.     Cigna denied Plaintiff's claim for medical benefits under the Plan's terms**

Plaintiff further alleges that it provided medical services to Patient X, a Plan Beneficiary, on March 10, 2016, and submitted a claim to Cigna for benefits under the Plan for $38,413.92 in billed charges. *See* Dkt No. 18 at ¶¶ 23-24. Plaintiff states that Patient X was covered under the Plan and is entitled to medical benefits "***as determined by the Plan***." *See* Dkt No. 18 at ¶ 24. Specifically, the Amended Complaint reflects:

- On or about April 30, 2016, Cigna issued Check No. 00377676657 to Plaintiff for the amount determined to be payable for covered expenses (for facility fees) under the Plan. This determination was explained in a Provider Explanation of Medical Payment Report, which Plaintiff calls the "Provider EMP Report." *See* Dkt No. 18 at ¶¶ 34 & 35; Ex. A (Dkt No. 1-1).[3]

- Shortly thereafter, Cigna stopped payment on Check No. 00377676657 because the Patient/Plan Beneficiary had not been charged for or incurred expenses for the services as reported in the medical claim and the charges were therefore excluded from coverage. This determination was explained to Plaintiff in a Claim Detail Report. *See* Ex. D (Dkt No. 1-4).

The Claim Sheet explained that there was a stop payment on the check because:

CHARGES WHICH YOU [THE MEMBER] ARE NOT OBLIGATED TO PAY OR FOR WHICH YOU ARE NOT BILLED OR FOR WHICH YOU WOULD NOT HAVE BEEN BILLED EXCEPT THAT THEY WERE COVERED UNDER THE PLAN ARE NOT COVERED. CIGNA WILL RECONSIDER THIS CLAIM ONCE WE SEE PROOF OF YOUR PAYMENT.[4]

Indeed, the Plan contains the following exclusion:

---

[3] Plaintiff incorporated all of the attachments, exhibits and diagrams from the Original Complaint into the First Amended Complaint. *See* Dkt No. 18 at p.1, n.1.

[4]   *See* Ex. D (Dkt No. 1-4).

> [C]harges which you are not obligated to pay or for which you are not billed or for which you would not have been billed except that they were covered under this plan. For example, if Cigna determines that a provider is or has waived, reduced, or forgiven any portion of its charges and/or any portion of copayment, deductible, and/or coinsurance amount(s) you are required to pay for a Covered Service (as shown on the Schedule) without Cigna's express consent, then Cigna in its sole discretion shall have the right to deny the payment of benefits in connection with the Covered Service, or reduce the benefits in proportion to the amount of the copayment, deductible, and/or coinsurance amounts waived, forgiven or reduced, regardless of whether the provider represents that you remain responsible for any amounts that your plan does not cover. In the exercise of that discretion, Cigna shall have the right to require you to provide proof sufficient to Cigna that you have made your required cost share payment(s) prior to the payment of any benefits by Cigna. This exclusion includes, but is not limited to, charges of a Non-Participating [i.e., Out-of-Network] Provider who has agreed to charge you or charged you at an in-network benefits level or some other benefits level not otherwise applicable to the services received.[5]

Therefore, the terms of the Plan specifically set forth in detail how the exclusion will be applied.[6]

### III. ARGUMENT AND AUTHORITIES

**A.   A complaint that fails to state a claim for relief must be dismissed**

Upon a motion to dismiss a complaint under Rule 12(b)(6), a court accepts as true the plaintiff's well-pleaded allegations and tests the sufficiency of the plaintiff's claims. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is

---

[5]   Exhibit A-1 at p. 34.

[6]   The Plan provides different benefit levels for in-network and out-of-network services. (Ex. A-1, pp. 12-24) The Plan reimburses a greater percentage of the covered charges for in-network services than for out-of-network services. When Plan members are induced to use out-of-network services free of charge or without paying their portion of covered services, the Plan's incentives for the use of in-network providers is undermined, exposing Plan assets to potentially much costlier out-of-network services of which the member may not even be aware.

plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A defendant is entitled to dismissal when the plaintiff's complaint shows that the plaintiff cannot prove any set of facts that would entitle him or her to relief consistent with the well-pleaded allegations in the pleadings. *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995).

While courts generally must limit their inquiry to the plaintiff's well-pleaded allegations, documents referenced in a complaint should be considered as part of those allegations for purposes of deciding a motion to dismiss. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) ("We note approvingly . . . that various other circuits have specifically allowed that documents that a defendant attaches to a motion to dismiss are considered part of the pleadings ***if they are referred to in the plaintiff's complaint and are central to [their] claim***.") (emphasis added)(internal quotations omitted).[7] In this case, considering the allegations in the Amended Complaint, along with the documents referenced in the Amended Complaint—including the summary plan description ("SPD") for the medical benefits at issue[8]—Plaintiff fails to assert a viable claim for benefits under ERISA.

---

[7] *See also In re Katrina Canal Breaches Litig*., 495 F.3d 191, 205 (5th Cir. 2007) (considering insurance contracts because "the contracts were referred to in the complaints, and the contracts are central to the plaintiffs' claims); *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.,* 336 F.3d 375, 379 (5th Cir. 2003) (citing *Lovelace v. Software Spectrum Inc.,* 78 F.3d 1015, 1017–18 (5th Cir. 1996)); *Hollingshead v. Aetna Health Inc.*, No. 4:13-CV-231, 2014 WL 585397, at *4 (S.D. Tex. Feb. 13, 2014) (Harmon, J.)

[8] Ex. A (Affidavit of Stephen M. Braun, Group Vice President, Benefits and Wellbeing for Macy's, verifying the SPD that describes the Open Access Plus Medical Benefits administered by Cigna).

### B. An ERISA complaint must allege facts that, if true, would show that benefits are due under the ERISA plan

While Plaintiff's Amended Complaint seeks to recover ERISA plan benefits under the terms of the Plan, the Amended Complaint fails to plead facts that, if true, would show that Cigna abused its discretion in determining that Plaintiff's claim was not covered under the Plan.[9]

To state a claim for benefits under ERISA, "[t]he plaintiff must 'provide the court with enough factual information to determine whether the [services] were indeed covered services under the plan.'" *Paragon Office Servs., LLC v. UnitedHealthcare Ins. Co.*, No. 3:11-CV-2205, 2012 WL 5868249, at *2 (N.D. Tex. Nov. 20, 2012) (internal quotation omitted).[10] Section 1132(a)(1)(B) "provides a cause of action only where a plaintiff alleges a violation of the terms of a benefits plan or an ambiguity in the plan requiring judicial interpretation." *Midwest Special Surgery, P.C. v. Anthem Ins. Cos.*, No. 4:09CV646, 2010 WL 716105, at *2 (E.D. Mo. Feb. 24, 2010) (citation omitted). Thus, a plaintiff "must identify the specific provisions of the plan itself that were breached." *Id.*

In *Paragon Office Servs.*, the court dismissed plaintiff's ERISA claim for benefits where the complaint contained conclusory allegations that United arbitrarily violated the

---

[9] The SPD attached hereto as Ex. A-1 establishes that Cigna had discretionary authority to "interpret and apply plan terms and to make factual determinations in connection with its review of claims under the plan." Ex. A-1 at 52. Where, as here, Cigna has discretionary authority to determine claims for benefits and to construe Plan terms, Cigna's decision on Plaintiff's claim must be reviewed under the abuse-of-discretion standard. *See Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011); *Ellis v. Liberty Life Assurance Co.*, 394 F.3d 262, 269-70 (5th Cir. 2005).

[10] "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

terms of the healthcare plans by denying payment on equipment claims without identifying any plan provisions that were allegedly violated. *Paragon Office Servs.*, 2012 WL 5868249, at *3. The court found the most detail alleged in the complaint were allegations that the services would have been paid in full had they been provided in a hospital or surgical center, but were denied because the services were provided in a physician's office. The court found these allegations "merely assert that the services were covered, without identifying the plan provisions that entitle plaintiffs to payment." *See id.*

Similarly, in *Sleep Lab*, the court held the complaint failed to identify a plan term that was breached and, therefore, failed to state an ERISA claim for benefits. *See Sleep Lab at W. Houston v. Tex. Children's Hosp.*, No. H-15-0151, 2015 WL 3507894, at *10 (S.D. Tex. June 2, 2015) (Lake, J.) (finding plaintiff's allegation that a claim for benefits was wrongfully denied is insufficient); *see also Slater v. Sw. Research Inst.*, No. SA-12-CV-01205, 2013 WL 2896848, at *4 (W.D. Tex. June 11, 2013) (dismissing plaintiff's ERISA benefit claim for failure to explain how the factual allegations support a claim under ERISA); *Broad Street Surgical Ctr., LLC v. UnitedHealth Group, Inc.*, No. 11-2775, 2012 WL 762498, at **13-15 (D.N.J. Mar. 6, 2012) (finding the plaintiff did not establish or even address whether pain injections were a covered benefit under the plan and holding the complaint failed to state a claim upon which relief could be granted); *see also Sanctuary Surgical Centre, Inc. v. UnitedHealth Group, Inc.*, No. 10-81589, 2013 WL 149356, at **6-7 (S.D. Fla. Jan. 14, 2013) (finding plaintiff's allegations do not establish, or even address, whether the anesthesia procedures are a covered benefit under the plans or how the procedures fall within the definition of "medically necessary"

-7-

treatment under the plans, and dismissing plaintiff's section 1132(a)(1)(B) claim for failure to state a claim upon which relief can be granted).

### C. Plaintiff fails to identify Plan terms that entitle it to benefits or Plan terms that were breached

Here, Plaintiff does not specifically allege facts showing that a provision of the Plan was breached. The most the Amended Complaint provides is the conclusory allegation that "[t]he Plan, through Cigna, interpreted . . . the Plan's exclusionary language in a legally incorrect way."[11] Plaintiff does not allege the provision of the Plan it is referring to nor does it describe how Cigna's interpretation of any such provision was legally incorrect.

Moreover, as set forth in the Claims Detail, Cigna denied the claim because "charges which [the member] [is] not obligated to pay or for which [the member] [is] not billed or for which [the member] would not have been billed except that they were covered under the plan are not covered."[12] The Plan contains the following language:

> ***charges which you are not obligated to pay or for which you are not billed or for which you would not have been billed except that they were covered under this plan***. For example, if Cigna determines that a provider is or has waived, reduced, or forgiven any portion of its charges and/or any portion of copayment, deductible, and/or coinsurance amount(s) you are required to pay . . . then ***Cigna in its sole discretion shall have the***

---

[11] *See* Dkt No. 18 at ¶ 49.

[12] Ex. D (Dkt No. 1-4). While Plaintiff alleges that it exhausted all administrative appeal requirements due to futility, it provides no factual basis for this allegation. *See* Dkt No. 18 at ¶¶ 40-43. Plaintiff states it sent an appeal letter on June 3, 2016 (¶ 40) and filed this lawsuit on June 21, 2016, within three weeks of the day the appeal letter was allegedly sent and before any response was even due under ERISA. *See* 29 C.F.R. § 2560.503-1(i)(2)(iii)(A) (ERISA regulations requiring a response to an appeal within 60 days). Moreover, Plaintiff's allegation that it did not receive a written or electronic notification of the adverse benefit determination is belied by the Claim Details document incorporated into the Amended Complaint, wherein Cigna notified Plaintiff of the reason why the claim for benefits was denied. *See* Ex. D (Dkt No. 1-4).

***right to deny the payment of benefits in connection with the Covered Service***, . . . In the exercise of that discretion, Cigna shall have the right to require you to provide proof sufficient to Cigna that you have made your required cost share payment(s) prior to the payment of any benefits by Cigna. ***This exclusion includes, but is not limited to, charges of a Non-Participating Provider who has agreed to charge you or charged you at an in-network benefits level or some other benefits level not otherwise applicable to the services received***.[13]

Plaintiff fails to allege any facts that would show Plaintiff's claim was wrongfully denied given this express exclusion under the Plan. For example, there is no allegation that Patient X was charged any portion of the charges for the services. Because Plaintiff's Amended Complaint fails to identify a Plan term that confers the benefit in question or a Plan term that was breached, Plaintiff's Amended Complaint fails to state a claim under Section 1132(a)(1)(B).[14]

## IV. CONCLUSION

Plaintiff's Amended Complaint fails to allege sufficient factual matter to assert a plausible claim for benefits under ERISA and, therefore, should be dismissed with prejudice for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6).

---

[13] Exhibit A-1 at p. 34 (emphasis added).

[14] Additionally, the Amended Complaint cites *Connecticut General Life Insurance Co. v. Humble Surgical Hospital, LLC*, No. 4:13-CV-3291, 2016 WL 3077405 (S.D. Tex. Jun. 1, 2016) (Hoyt, J.), to suggest that Cigna's determination here was not legally correct. *Humble Surgical* is currently on appeal to the Fifth Circuit. But whatever happens in *Humble Surgical* has no bearing on this case. The 2016 Plan exclusion at issue in this lawsuit (quoted above) contains much greater detail regarding the application of the exclusion than the pre-2015 plans at issue in *Humble Surgical*. *See id.* at *6 & n.8. None of the exclusion language from "For example" onwards in the Plan was part of the pre-2015 plans involved in *Humble Surgical*. *Id.*

WHEREFORE, PREMISES CONSIDERED, Defendants request that the Court grant the relief requested herein and dismiss Plaintiff's Amended Complaint with prejudice. Defendants pray for such other and further relief to which they may be entitled.

Respectfully submitted,

| | |
|---|---|
| OF COUNSEL:<br>ANDREWS KURTH KENYON LLP<br>and<br>M. KATHERINE STRAHAN<br>State Bar No. 24013584<br>Southern District No. 24259<br>kstrahan@andrewskurth.com<br>BRIDGET B. VICK<br>State Bar No. 24069444<br>Southern District No. 1061856<br>bvick@andrewskurth.com | By: s/John B. Shely<br>JOHN B. SHELY<br>State Bar No. 18215300<br>Southern District No. 7544<br>ANDREWS KURTH KENYON LLP<br>600 Travis, Suite 4200<br>Houston, Texas 77002<br>Telephone: (713) 220-4105<br>Telecopier: (713) 220-4285<br>jshely@andrewskurth.com<br><br>**ATTORNEY-IN-CHARGE FOR DEFENDANTS MACY'S, INC. AND MACY'S, INC. WELFARE BENEFITS PLAN** |

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2016, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who are known "Filing Users:"

Mr. Howard L. Steele, Jr.
*hsteele@steele-law-group.com*

Mr. Ebad Khan
*ekhan@trinity healthcarenetwork.com*

s/John B. Shely
John B. Shely