UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RED OAK HOSPITAL, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-1783 |
| | § | |
| MACYS,INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER AND OPINION</u>

Before the Court are Defendants' Motion to Dismiss (Document No. 25), Plaintiff's Response to Defendants' Motion to Dismiss (Document No. 28), Defendants' Reply in Support of its Motion to Dismiss (Document No. 31), Plaintiff's Motion for Attorney's Fees (Document No. 35), and Defendants' Response in Opposition to Plaintiff's Motion for Attorney's Fees (Document No. 37). After considering these documents, the facts in the record, and the applicable law, the Court concludes that Defendants' Motion to Dismiss (Document No. 25) is MOOT and Plaintiff's Motion for Attorney's Fees (Document No. 35) is DENIED. Further, because the Court holds that there is no longer a case or controversy at issue in this case, the case is DISMISSED as MOOT.

### BACKGROUND

Plaintiff Red Oak Hospital, LLC, filed this action alleging that Defendants Macys, Inc. and Macys, Inc. Welfare Benefit Plan (collectively "Defendants") violated the Employee Retirement Income Security Act (ERISA) by failing to compensate Plaintiff after Plaintiff provided medical services to one of Defendants' plan beneficiaries.

According to the First Amended Complaint (Document No. 18), Macys provides medical

benefits through its Welfare Benefit Plan to its employees. Macys contracted Cigna Healthcare as a third-party administrator to administer the benefits of the Plan and to take advantage of Cigna's network of healthcare providers.[1] Plaintiff has not entered into an agreement with Cigna, so Plaintiff is considered an out-of-network provider of medical services. As a result of Plaintiff's status as an out-of-network provider, the Plan does not necessarily cover services provided by Plaintiff.

In March 2016, a Plan Beneficiary (the Patient) received medical services from Plaintiff. Plaintiff alleges that those services qualified as emergency services under the Emergency Medical Treatment and Active Labor Act (EMTALA) and that those services were worth $38,413.92. Before providing the services, Plaintiff had the Patient sign a Legal Assignment of Benefits and Designation of Authorized Representative form.

After providing the services to the Patient, Plaintiff submitted its healthcare claims to Defendants through Cigna for $38,413.92. Plaintiff argues that Defendants reduced Plaintiff's "Billed Amount" through Viant, a third-party company. On April 30, 2016, Cigna issue a check to Plaintiff for $14,849.50. Plaintiff received the check on May 6, 2016. When Plaintiff attempted to deposit the check on May 13, 2016, however, the check was returned because Cigna stopped payment on the check.

Plaintiff contacted Cigna and told the company that it was going to issue a bill to the Patient for the amount of the services provided. According to Plaintiff, Cigna asked Plaintiff not to bill the Patient and told Plaintiff that it would reissue the payment. Plaintiff claims that it did not receive payment before filing this lawsuit. Further, Plaintiff claims that when the Plan sent an explanation of benefits to the Patient, the explanation stated that the Plan had paid $0.00 and that the Patient owed $0.00 for the services provided by Plaintiff.

---

[1] Cigna is not a party to this lawsuit.

After not receiving payment, Plaintiff sent an appeal letter to Defendants and the Department of Labor on June 3, 2016. Plaintiff also filed a complaint with the Texas Department of Insurance. Several weeks later, on June 21, 2016, Plaintiff filed this lawsuit.

After Plaintiff filed its First Amended Complaint seeking relief under 29 U.S.C. § 1132(a)(1)(B), Defendants filed their Motion to Dismiss under FED. R. CIV. P. 12(b)(6), arguing that Plaintiff failed to state a claim because coverage for the medical services provided by Plaintiff was excluded under the Plan.

While the Motion to Dismiss was pending in this Court, the parties conducted discovery. Through that discovery, Plaintiff discovered that Cigna had reprocessed its claim and issued a check for $14,849.50 in response to a Texas Department of Insurance complaint. Plaintiff now seeks attorney's fees under 29 U.S.C. § 1132(g)(1).

DISCUSSION

*A. Mootness*

"Article III of the Constitution grants the Judicial Branch authority to adjudicate 'Cases' and 'Controversies.' In our system of government, courts have 'no business' deciding legal disputes or expounding on law in the absence of such a case or controversy." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006)). A case or controversy must be present at all stages of a case. *K.P. v. LeBlanc*, 729 F.3d 427, 438 (5th Cir. 2013). "Generally, any set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot." *Ctr. For Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006).

In its Amended Complaint, Plaintiff seeks to recover the cost of the services it provided to the Patient from Defendants. Plaintiff now argues that it recovered the cost of those services

when Cigna reprocessed its claim under the Plan and issued a check for $14,849.50. Plaintiff contends that because Cigna paid the claim, essentially acknowledging that Plaintiff was entitled to the cost of those services, Plaintiff succeeded on the merits of its case in this Court. Document No. 35 at 7.

The Court holds that because "the underlying claim has now been paid," neither party has a legally cognizable interest in the outcome. Document No. 35 at 1; *see also Already, LLC*, 568 U.S. at 91 ("A case becomes moot . . . [when] the parties lack a legally cognizable interest in the outcome."). Plaintiff admits in its motion for fees that "Plaintiff's claim was for unpaid benefits payments on a particular claim and Defendants have now paid the same. . . . Defendants paid the claim that Plaintiff sought without settling this case." Document No. 35 at 7. "No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute 'is no longer embedded in any actual controversy about the plaintiffs' particular legal rights.'" *Already, LLC*, 568 U.S. at 91 (quoting *Alvarez v. Smith*, 558 U.S. 87, 93 (2009)); *see also Alvarez*, 558 U.S. at 93 ("[A] dispute solely about the meaning of a law, abstracted from any concrete actual or threatened harm, falls outside the scope of the constitutional words 'Cases' and 'Controversies.'").

Because Plaintiff has received the relief that it was seeking from this Court, there is no longer a live controversy as required by Article III of the Constitution. With the exception of Plaintiff's motion for attorney's fees, this case is moot and must be dismissed.[2]

---

[2] In some cases, courts will find that a case is not moot when the allegedly illegal practices are capable of repetition and evade review. *Alvarez*, 558 U.S. at 93. That is not the case here. Nothing in the record suggests that Plaintiff will again be subject to these practices and unable to vindicate its rights either through the administrative system or through the court system. Further, because a third party's action ended the controversy and not as a result of the litigation, the Court is even less inclined to conclude that the case should continue. *See Fontenot v. McCraw*, 777 F.3d 741, 748 (5th Cir. 2015) ("The overarching goal is to determine whether the defendant's actions are mere 'litigation posturing' or whether the controversy is extinguished.").

*B.  Attorney's Fees*

Under ERISA, the Court, in its discretion, "may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). Attorney's fees may be awarded "so long as the party has achieved 'some degree of success on the merits.'" *LifeCare Mgmt. Servs. LLC v. Ins. Mgmt. Adm'rs Inc.*, 703 F.3d 835, 846 (5th Cir. 2013) (quoting *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 245 (2010)). "A claimant does not satisfy that requirement by achieving 'trivial success on the merits' or a 'purely procedural victor[y] . . . .'" *Hardt*, 560 U.S. at 255 (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 688 n.9 (1983) (alteration in original)).

Plaintiff argues that it achieved "some success on the merits" of its claim because Cigna reprocessed its claim and reissued a check to pay for the services Plaintiff provided. Document No. 35 at 7. However, Cigna is not a defendant in this case and did not act as a result of a settlement or any order issued by this Court. Further, there is no evidence that Plaintiff's lawsuit or any action by this Court influenced Cigna to make the payment. In fact, Cigna paid Plaintiff as a result of a Texas Department of Insurance complaint filed by Plaintiff before it filed suit in this Court. Document No. 35 at 8; Document No. 37 at 8. Plaintiff may have received the relief that it was seeking, but that relief did not come as a result of any action by the parties to this lawsuit. If Plaintiff had not filed this lawsuit, it likely would have achieved the same result. Accordingly, Plaintiff has not achieved "some success on the merits" in this case and is not entitled to attorney's fees.

## CONCLUSION

The Court, after considering the motions and responses filed by the parties, concludes, for the reasons set forth above, that Defendants' Motion to Dismiss (Document No. 25) is MOOT

and Plaintiff's Motion for Attorney's Fees (Document No. 35) should be DENIED. Further, because the Court finds that there is no longer an underlying case or controversy at issue is this case, the Court lacks subject matter jurisdiction and the case must be dismissed. Accordingly, it is hereby

ORDERED that Defendants' Motion to Dismiss (Document No. 25) is MOOT, Plaintiff's Motion for Attorney's Fee (Document No. 35) is DENIED, and the case is DISMISSED as MOOT.

SIGNED at Houston, Texas, this 2nd day of November, 2017.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE